UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERICK TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **No. 20-3180** |
| **JESSIE LEBLANC, ET AL.** | **SECTION I** |

### ORDER

Before the Court is plaintiff Erick Taylor's motion[1] for leave to amend his complaint a third time. Defendant Jessie LeBlanc opposes the motion.[2]

Taylor seeks leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2), which dictates that leave to amend shall be freely given when justice so requires. Taylor acknowledges that this is his third motion for leave to amend but argues that LeBlanc will not be prejudiced and that the new allegations are important to his claim.[3]

LeBlanc argues that the motion should be denied "on the bases of undue delay, repeated failure to cure deficiencies, and futility."[4] The Court rejects LeBlanc's arguments about undue delay and futility, and concludes that Taylor's repeated amendments, while frustrating, do not merit denial of the instant motion.

---

[1] R. Doc. No. 68.
[2] R. Doc. No. 70.
[3] *See* R. Doc. No. 68-4, at 3–6.
[4] R. Doc. No. 70, at 1.

First, LeBlanc argues that allowing amendment would unduly delay resolution of this matter and prejudice her because discovery has not commenced, raising the possibility that trial might need to be continued.[5]

That argument begs a question: Why has discovery not commenced? The answer is simple—and has little to do with Taylor's amendments. Discovery has not commenced *because LeBlanc filed a motion to stay discovery in this case*, which the Court granted in relevant part.[6] Suffice it to say, then, that the Court finds LeBlanc's argument on this point unconvincing.

LeBlanc's futility argument suffers from a similar defect. She argues that the proposed amendment should be denied because the new allegations "are not relevant to determining whether [Taylor] has stated a claim."[7] Perhaps. But LeBlanc just filed a reply[8] to Taylor's opposition to the pending motion to dismiss arguing exclusively that the Court *should ignore the very allegations at issue because they were raised in an opposition memorandum, not a complaint*. Why do that if the allegations are irrelevant?

Justice requires that the Court grant this motion. But LeBlanc is correct that Taylor's "serial requests for leave to amend . . . must end."[9] Taylor has had numerous

---

[5] *Id.* at 2–3.
[6] R. Doc. No. 30 (motion); R. Doc. No. 31 (order granting motion in relevant part). That order remains in effect because the parties have not sought relief. And the Court will look skeptically upon a motion to continue trial or other deadlines in this matter premised upon a failure to complete discovery where the parties *explicitly requested a stay*.
[7] R. Doc. No. 70, at 4.
[8] R. Doc. No. 63.
[9] R. Doc. No. 70, at 4.

opportunities to fine-tune his claims; the Court will not look favorably on further motions for leave to amend.

Accordingly,

**IT IS ORDERED** that the motion for leave to file an amended complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that LeBlanc's pending motion to dismiss is **DISMISSED WITHOUT PREJUDICE**. LeBlanc shall file her motion to dismiss the new complaint, if any, no later than **JULY 22, 2021**. And Taylor shall file his opposition to that motion no later than **JULY 29, 2021**.

New Orleans, Louisiana, July 15, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**